1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11  FRANCISCO J. VELASQUEZ,        )  Case No. CV 09-7112 JC
                                   )
12                 Plaintiff,      )
                                   )
13        v.                       )  MEMORANDUM OPINION AND
                                   )  ORDER OF REMAND
14                                 )
    MICHAEL J. ASTRUE,             )
15  Commissioner of Social         )
    Security,                      )
16                                 )
                   Defendant.      )
17  _____)

18

19  **I.    SUMMARY**

20        On October 5, 2009, plaintiff Francisco J. Velasquez ("plaintiff") filed a

21  Complaint seeking review of the Commissioner of Social Security's denial of

22  plaintiff's application for benefits.  The parties have consented to proceed before a

23  United States Magistrate Judge.

24        This matter is before the Court on the parties' cross motions for summary

25  judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

26  Court has taken both motions under submission without oral argument.  See Fed.

27  R. Civ. P. 78; L.R. 7-15; October 13, 2009 Case Management Order ¶ 5.

28  ///

1

1    Based on the record as a whole and the applicable law, the decision of the
2    Commissioner is REVERSED AND REMANDED for further proceedings
3    consistent with this Memorandum and Opinion and Order of Remand.

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**
5    **DECISION**

6         On August 1 and August 7, 2006, respectively, plaintiff filed applications
7    for Disability Insurance Benefits and Supplemental Security Income benefits.
8    (Administrative Record ("AR") 15, 95-99). Plaintiff asserted that he became
9    disabled on July 19, 2001, due to disc problems in his back, surgery to his left
10   shoulder, and leg pain. (AR 122). The Administrative Law Judge ("ALJ")
11   examined the medical record and heard testimony from plaintiff, who was
12   represented by counsel, on July 8, 2008. (AR 24-51).

13        On September 2, 2008, the ALJ determined that plaintiff was not disabled
14   through the date of the decision. (AR 15-23). Specifically, the ALJ found:
15   (1) plaintiff suffered from a severe combination of impairments: "myofascial back
16   pain with mild underlying degenerative changes; status post contusion of the left
17   hand; mild diffuse osteoporosis, status post open rotator cuff repair of the left
18   (minor) shoulder; degenerative joint changes of the left foot; and suspected mild
19   atherosclerotic vascular disease below the knee level" (AR 18); (2) plaintiff's
20   impairments, considered singly or in combination, did not meet or medically equal
21   a listed impairment (AR 18); (3) plaintiff retained the residual functional capacity
22   to perform light work with certain limitations[1] (AR 18); (4) plaintiff could not
23   perform his past relevant work (AR 21); (5) plaintiff could perform  jobs that exist
24   in significant numbers in the national economy (AR 21); and (6) plaintiff's
25   allegations regarding his limitations were not entirely credible. (AR 20-21).

26        The Appeals Council denied plaintiff's application for review. (AR 1-3).

27   _____

28        [1]The ALJ found that plaintiff "may frequently bend, stoop, kneel, crawl and climb. He
     may also frequently reach above the shoulder with the left upper extremity. He is right hand
     dominant." (AR 18).

2

1  **III.   APPLICABLE LEGAL STANDARDS**

2       **A.   Sequential Evaluation Process**

3       To qualify for disability benefits, a claimant must show that he is unable to

4  engage in any substantial gainful activity by reason of a medically determinable

5  physical or mental impairment which can be expected to result in death or which

6  has lasted or can be expected to last for a continuous period of at least twelve

7  months. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C.

8  § 423(d)(1)(A)). The impairment must render the claimant incapable of

9  performing the work he previously performed and incapable of performing any

10 other substantial gainful employment that exists in the national economy. <u>Tackett</u>

11 <u>v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

12      In assessing whether a claimant is disabled, an ALJ is to follow a five-step

13 sequential evaluation process:

14     (1)  Is the claimant presently engaged in substantial gainful activity? If

15          so, the claimant is not disabled. If not, proceed to step two.

16     (2)  Is the claimant's alleged impairment sufficiently severe to limit

17          his ability to work? If not, the claimant is not disabled. If so,

18          proceed to step three.

19     (3)  Does the claimant's impairment, or combination of

20          impairments, meet or equal an impairment listed in 20 C.F.R.

21          Part 404, Subpart P, Appendix 1? If so, the claimant is

22          disabled. If not, proceed to step four.

23     (4)  Does the claimant possess the residual functional capacity to

24          perform his past relevant work? If so, the claimant is not

25          disabled. If not, proceed to step five.

26     (5)  Does the claimant's residual functional capacity, when

27          considered with the claimant's age, education, and work

28          experience, allow him to adjust to other work that exists in

3

1                     significant numbers in the national economy?  If so, the

2                     claimant is not disabled.  If not, the claimant is disabled.

3 Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

4 Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).  The claimant has the burden

5 of proof at steps one through four, and the Commissioner has the burden of proof

6 at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001)

7 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of

8 proving disability).

9       **B.**     **Standard of Review**

10       Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

11 benefits only if it is not supported by substantial evidence or if it is based on legal

12 error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

13 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

14 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

15 mind might accept as adequate to support a conclusion." Richardson v. Perales,

16 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

17 mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

18 Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

19       To determine whether substantial evidence supports a finding, a court must

20 "'consider the record as a whole, weighing both evidence that supports and

21 evidence that detracts from the [Commissioner's] conclusion.'" Aukland v.

22 Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

23 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

24 or reversing the ALJ's conclusion, a court may not substitute its judgment for that

25 of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

26 ///

27 ///

28 ///

1   **IV.   DISCUSSION**

2          **A.     The ALJ Improperly Assessed Plaintiff's Credibility.**

3          Plaintiff contends that the ALJ improperly evaluated the credibility of

4   plaintiff's subjective complaints.  (Plaintiff's Motion at 18-23).  The Court agrees.

5                  **1.     Pertinent Law**

6          "To determine whether a claimant's testimony regarding subjective pain or

7   symptoms is credible, an ALJ must engage in a two-step analysis."  Lingenfelter v.

8   Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  First, "the ALJ must determine

9   whether the claimant has presented objective medical evidence of an underlying

10  impairment 'which could reasonably be expected to produce the pain or other

11  symptoms alleged.'"  Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.

12  1991) (en banc)).

13         "Second, if the claimant meets this first test, and there is no evidence of

14  malingering, 'the ALJ can reject the claimant's testimony about the severity of

15  [his] symptoms only by offering specific, clear and convincing reasons for doing

16  so.'"  Lingenfelter, 504 F.3d at 1036 (citations omitted).  "In making a credibility

17  determination, the ALJ 'must specifically identify what testimony is credible and

18  what testimony undermines the claimant's complaints.'"  Greger v. Barnhart, 464

19  F.3d 968, 972 (9th Cir. 2006) (citation omitted).  "The ALJ must cite the reasons

20  why the claimant's testimony is unpersuasive."  Orn v. Astrue, 495 F.3d 625, 635

21  (9th Cir. 2007) (citation and quotation marks omitted).  In weighing credibility,

22  the ALJ may consider factors including:  the nature, location, onset, duration,

23  frequency, radiation, and intensity of any pain; precipitating and aggravating

24  factors (e.g., movement, activity, environmental conditions); type, dosage,

25  effectiveness, and adverse side effects of any pain medication; treatment, other

26  than medication, for relief of pain; functional restrictions; the claimant's daily

27  activities; and "ordinary techniques of credibility evaluation."  Bunnell, 947 F.2d

28  ///

5

1  at 346 (citing Social Security Ruling ("SSR") 88-13;[2] quotation marks omitted).

2  The ALJ may consider (a) inconsistencies or discrepancies in a claimant's

3  statements; (b) inconsistencies between a claimant's statements and activities;

4  (c) exaggerated complaints; and (d) an unexplained failure to seek treatment.

5  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If properly supported,

6  the ALJ's credibility determination is entitled to "great deference."  See Green v.

7  Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

8              **2.    Analysis**

9        In this case, the ALJ found that plaintiff's "medically determinable

10  impairments could reasonably be expected to produce the alleged symptoms;

11  however, [plaintiff's] statements concerning the intensity, persistence and limiting

12  effects of these symptoms are not credible to the extend they are inconsistent with

13  the residual functional capacity assessment."  (AR 20).  The ALJ provided several

14  reasons for discounting plaintiff's credibility.  The Court finds none of them to be

15  clear and convincing.

16        First, the ALJ stated that plaintiff's "credibility is reduced by the lack of

17  objective medical evidence to substantiate his claims."  (AR 20).  An ALJ may

18  consider lack of medical evidence supporting the degree of limitation, but it

19  "cannot form the sole basis for discounting" subjective symptom testimony.

20  Burch, 400 F.3d at 681.  As discussed below, the ALJ provided no other valid

21  reason for discounting plaintiff's testimony.  Thus, to the extent the ALJ correctly

22  concluded that there was a lack of objective medical evidence to substantiate his

23  claims, this reason does not alone suffice to discount plaintiff's credibility.

24

25        [2]Social Security rulings are binding on the Administration.  See Terry v. Sullivan, 903

26  F.2d 1273, 1275 n.1 (9th Cir. 1990).  Such rulings reflect the official interpretation of the Social
Security Administration and are entitled to some deference as long as they are consistent with the

27  Social Security Act and regulations.  Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir.

28  2007) (citing SSR 00-4p).

6

1

2      Next, the ALJ stated that plaintiff "has had very little treatment – not of an

3  amount, frequency, or intensity consistent with the alleged degree of impairment."

4  (AR 20).  Though an ALJ may consider an unexplained failure to seek treatment in

5  discounting a plaintiff's credibility, here the ALJ did not explain why he

6  considered plaintiff's treatment inadequate.  Plaintiff underwent surgery to repair a

7  tear in his rotator cuff in 2002.  (See AR 181-82).  He has continued to complain

8  of pain since then and has been prescribed pain medication and has had

9  radiological studies of his left ankle, left foot, left shoulder, and lumbar spine.

10  (AR 235-43, 247, 255, 256, 260-69, 271-72).  On this record, the ALJ's statement

11  that plaintiff "has had very little treatment" does not clearly and convincingly

12  discount plaintiff's credibility.

13      The ALJ also found that plaintiff "has engaged in work since the alleged

14  onset date" and stated that he may "consider whether this activity shows that

15  [plaintiff's] capacity is greater than alleged, and indicative of the capacity for

16  substantial gainful activity, or at least an absence of credibility in [plaintiff's]

17  allegations."  (AR 20).  Plaintiff testified that he has not performed any work

18  activity since his disability onset date.  (AR 35).  His attorney explained that his

19  earnings record at the Administration was incorrect because another individual

20  had stolen plaintiff's identity and had used his social security number for

21  employment purposes.  (AR 29-30).  Plaintiff's attorney noted that plaintiff had

22  filed a police report documenting this identity theft and stated she would provide

23  the ALJ with a copy of the report and related documents.  (AR 29).  The attorney

24  stated that she faxed these documents to the ALJ on July 17, 2008, and received

25  confirmation that the transmission was successful (Plaintiff's Motion at 8), but the

26  documents were not incorporated into the Administrative Record.  The ALJ noted

27  in his written decision that "there is no documentation that [plaintiff's] identity

28  was stolen."  (AR 20).  Plaintiff has provided these documents as Exhibit A to his

1   motion for summary judgment.  In light of this evidence, the ALJ should reassess

2   at Step One whether plaintiff has performed substantial gainful activity since his

3   alleged onset date, and this reason does not impugn plaintiff's credibility.

4          The ALJ next stated that plaintiff "has made contradictory statements

5   regarding his alleged illiteracy of the English language." (AR 20).  The ALJ noted

6   that plaintiff wrote that "he could not read or write English and used an interpreter

7   during the hearing," but plaintiff passed a citizenship exam in English.  (AR 20

8   (citing Ex. 2E [AR 121])).  Although plaintiff was able to pass a citizenship exam

9   in English, the record reflects that plaintiff experiences some difficulty with the

10  English language.  For example, a State agency worker noted that plaintiff "had a

11  hard time understanding interview questions, representative had to help him."

12  (AR 119).  Records from Martin Luther King Medical Center state that plaintiff's

13  primary language is Spanish and that he needs an interpreter.  (AR 246, 253, 255,

14  256, 260, 269).  On this record, plaintiff's allegedly contradictory statements about

15  his ability to understand English do not clearly and convincingly undermine his

16  credibility.

17         Finally, the ALJ stated that plaintiff's "activities of daily living are not

18  consistent with the alleged degree of pain and impairment." (AR 20).  Although

19  an ALJ may legitimately discount a claimant's credibility if his daily activities

20  contradict his other testimony or demonstrate a capacity to engage in substantial

21  gainful activity, see Orn, 495 F.3d at 639, here, the ALJ provided no specifics

22  regarding which activities allegedly undermined plaintiff's statements regarding

23  his degree of pain and impairment.  This reason, too, fails to detract from

24  plaintiff's credibility.

25         Remand is warranted for the ALJ to reassess plaintiff's credibility.

26  ///

27  ///

28  ///

8

**B.     The ALJ Did Not Properly Evaluate the Medical Evidence.**

Plaintiff argues that the ALJ did not adequately evaluate the medical evidence from several treating sources.  (Plaintiff's Motion at 9-18).  The Court agrees.

**1.     Pertinent Law**

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided.  Courts distinguish among the opinions of three types of physicians:  those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians").  Lester v. Chater, 81 F.3d 821, 830 (9th Cir.), as amended (1996) (footnote reference omitted).  A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.  See id.  In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

A treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability.  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)).  Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons.  Orn, 495 F.3d at 632 (citation and internal quotations omitted).  An ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific,

1   legitimate reasons for doing so that are based on substantial evidence in the
2   record.  Id. (citation and internal quotations omitted).  "The ALJ must do more
3   than offer his conclusions."  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir.
4   1988).  "He must set forth his own interpretations and explain why they, rather
5   than the [physician's], are correct."  Id.; see Thomas v. Barnhart, 278 F.3d 947,
6   957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough
7   summary of facts and conflicting clinical evidence, stating his interpretation
8   thereof, and making findings) (citations and quotations omitted).  "Broad and
9   vague" reasons for rejecting a treating physician's opinion do not suffice.
10   McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir.1989).

11       When they are properly supported, the opinions of physicians other than
12   treating physicians, such as examining physicians and nonexamining medical
13   experts, may constitute substantial evidence upon which an ALJ may rely.  See,
14   e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative
15   examiner's opinion on its own constituted substantial evidence, because it rested
16   on independent examination of claimant); Morgan, 169 F.3d at 600 (testifying
17   medical expert opinions may serve as substantial evidence when "they are
18   supported by other evidence in the record and are consistent with it").

19              **2.    Analysis**

20       Plaintiff first contends that the ALJ did not properly consider the opinion of
21   the treating physician involved in plaintiff's worker's compensation case, Dr.
22   Peter Lucero.  (Plaintiff's Motion at 9-15).  The ALJ stated that "to the extent that
23   one can roughly interpret the significant differences between California workers'
24   compensation and Social Security terminology, in this case there appears to be
25   general agreement between my residual functional capacity assessment and that of
26   [Dr. Lucero] regarding [plaintiff's] physical functional capacity."  (AR 19).
27   Despite making this statement, however, the ALJ did not incorporate Dr. Lucero's
28   functional limitations into plaintiff's residual functional capacity.  Dr. Lucero

1    wrote that plaintiff should be restricted from "pushing, pulling, heavy lifting, work
2    above shoulder level, repeated twisting, turning, forceful grasping and torquing."
3    (AR 187).  The ALJ's residual functional capacity does not include all of these
4    limitations and in fact contradicts at least one of them – the ALJ stated that
5    plaintiff may "frequently reach above the shoulder with the left upper extremity."
6    (AR 18).  The ALJ did not provide any reasons (whether specific and legitimate or
7    clear and convincing) for rejecting Dr. Lucero's opinions.  On remand, the ALJ
8    must either accept Dr. Lucero's opinions or provide valid reasons for rejecting
9    them.

10           Plaintiff also argues that the ALJ failed adequately to assess his more recent
11   treatment records from Martin Luther King Medical Center.  (Plaintiff's Motion at
12   15-18).  The ALJ's discussion of these records was cursory and incomplete.  The
13   ALJ stated only that "the treatment records consistently note that [plaintiff's]
14   conditions are mild or minimal" and "the progress notes . . . reflect that [plaintiff]
15   denied any physical complaints of pain in January 2005; he only sought a review
16   of his medications." (AR 19) (citing Ex. 2F at 5 [AR 192], 13F at 3-6, 8, 10 [AR
17   234-37, 239, 241]).  The ALJ did not mention the records from Martin Luther
18   King Medical Center in Exhibits 14F or 15F [AR 244-73].  Among other things,
19   these records indicate that plaintiff was diagnosed with diabetes mellitus with
20   neuropathy and prescribed glyburide and Neurontin (AR 247-48, 251-52), and that
21   plaintiff continued to complain of pain and was prescribed pain medication (AR
22   250, 255, 256, 260-62, 264-72).  The ALJ's failure to mention this evidence
23   suggests an improper selective consideration of the medical evidence.  See Edlund
24   v. Massanari, 253 F.3d 1152, 1159 (9th Cir. 2001) (error for ALJ to "selectively
25   focus[] on . . . [evidence] which tend[s] to suggest non-disability"); Gallant v.
26   Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (error for ALJ to ignore or
27   misstate competent evidence in order to justify his conclusion).
28           Remand is warranted for the ALJ to reevaluate the medical evidence.

11

1

**V.    CONCLUSION**

2

For the foregoing reasons, the decision of the Commissioner of Social

3

Security is reversed in part, and this matter is remanded for further administrative

4

action consistent with this Opinion.[3]

5

LET JUDGMENT BE ENTERED ACCORDINGLY.

6

DATED:  October 6, 2010

7

                                                    /s/

8

                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

[3]When a court reverses an administrative determination, "the proper course, except in rare

26

circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and

27

quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.

28

1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's symptom testimony).